O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WAYNE L. SWINGER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KAMILLA HARRIS et al.,<br><br>　　　　Defendants. | No. CV 16-05694-JVS (DFM)<br><br>MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

# I.

# INTRODUCTION

Plaintiff Wayne L. Swinger filed a pro se complaint on August 1, 2016, after being granted leave to proceed in forma pauperis. Dkt. 1 ("Complaint").[1] In his Complaint, Plaintiff names two Defendants. First, he names the Attorney General of California, Kamala Harris, although he incorrectly identifies her as "Kamilla" Harris. Id. at 1, 3. Second, he names the Governor of California, Jerry Brown. Id. He names both Attorney General Harris and Governor Brown in their individual and official capacity. Id. at 3.

---

[1] All page citations to the Complaint are to the CM/ECF pagination.

1    In accordance with 28 U.S.C. § 1915(e)(2), the Court must screen the
2    Complaint before ordering service for purposes of determining whether the
3    action is frivolous or malicious; or fails to state a claim on which relief might
4    be granted; or seeks monetary relief against a defendant who is immune from
5    such relief.

## II.

## SUMMARY OF PLAINTIFF'S COMPLAINT

8    Plaintiff's allegations are vague and disjointed. From the best the Court
9    can tell, Plaintiff is currently in the custody of the California Department of
10   Mental Health at Atascadero State Hospital ("ASH"). Complaint at 1, 2. It
11   appears from Plaintiff's allegations that he has been committed to the custody
12   of the Department of Mental Health under the provisions of the Mentally
13   Disordered Offender ("MDO") Act, California Penal Code §§ 2960 et seq. See
14   id. at 5 ("when I've already done my time the MDO law that's being imposed
15   as a condition of my parole isn't fair it's unjustified and considered prejudice
16   and prejudicial . . . . my right[s] were violated by the defendants when they
17   allowed the Department of Corrections certify me as a mentally disorder
18   offender instead of being released into the community").[2] Plaintiff seeks an
19   order dismissing all charges against him as well as $2.5 million in damages. Id.
20   at 6.
21   ///
22   ///

_____

24   [2] The MDO Act is a civil commitment scheme directed at state prisoners
25   with severe mental disorders. Under the MDO Act, a prisoner with a severe
     mental disorder who meets certain statutory criteria may be involuntarily
26   committed as a mentally disordered offender and required to submit to mental
27   health treatment as a condition of parole or upon its termination. See Simpson
     v. Moralas, No. 08-5475, 2008 WL 4811863, at *1 n.1 (C.D. Cal. Oct. 28,
28   2008).

# III.
## STANDARD OF REVIEW

The Court's screening of the Complaint is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons:  (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether the complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to Plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Further, since Plaintiff is appearing pro se, the Court must construe the allegations of the complaint liberally and must afford Plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).

# IV.
## DISCUSSION

From the allegations of the Complaint, it appears that Plaintiff has been committed to ASH after he completed serving his sentence for a criminal conviction. In this 42 U.S.C. § 1983 action, he challenges the validity of his continued commitment at ASH and appears to seek his release. Regardless of the precise nature of the constitutional claims Plaintiff alleges against each Defendant, a judgment in his favor would necessarily imply that his MDO commitment was somehow invalid.

If Plaintiff wishes to challenge his commitment to ASH as an MDO, his federal remedy is a petition for writ of habeas corpus under 28 U.S.C. § 2254 after he has exhausted his state remedies. See Preiser v. Rodriguez, 411 U.S.

475, 500 (1973). A civil rights lawsuit under Section 1983 is the proper vehicle to challenge the conditions of his confinement; a habeas corpus petition is the proper vehicle for challenging the fact or duration of confinement. Id. at 498-99. Civilly committed persons may pursue habeas relief under 28 U.S.C. § 2254 to challenge their involuntary civil commitment. See Duncan v. Walker, 533 U.S. 167, 176 (2001) (stating that a state court order of civil commitment satisfies Section 2254's "in custody" requirement); Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1139-40 (9th Cir. 2005) ("[D]etainees under an involuntary civil commitment scheme . . . may use a § 2254 habeas petition to challenge a term of confinement."); May v. Hunter, 451 F. Supp. 2d 1084 (C.D. Cal. 2006) (adjudicating habeas challenge to MDO commitment). Plaintiff's sole remedy for invalidating his MDO confinement and obtaining release from ASH is a habeas petition.

Plaintiff's claims for damages are also barred. In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that when a state prisoner seeks damages in a Section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Id. at 487. The Ninth Circuit has held that the "favorable termination" rule of Heck is not limited to Section 1983 claims that imply the invalidity of a plaintiff's criminal conviction or sentence, but applies equally to Section 1983 claims that imply the invalidity of a plaintiff's civil commitment. Huftile, 410 F.3d at 1140. The Ninth Circuit reasoned that "Heck's favorable termination rule was intended to prevent a person in custody from using § 1983 to circumvent the more stringent requirements for habeas corpus," and thus applies not only to prisoners, but to other persons who are "in custody" and thus have access to habeas relief. Huftile, 410 F.3d

4

at 1139. Because, as explained above, civilly committed persons have access to habeas relief to obtain release from custody, <u>Heck</u> requires a civilly committed person to invalidate his civil commitment before pursuing a Section 1983 damages claim implying that his commitment is invalid. <u>See</u> <u>Huftile</u>, 410 F.3d at 1140; <u>see also</u> <u>Simpson</u>, 2008 WL 4811863 at *3 (dismissing Section 1983 complaint because complaint sought to invalidate civil commitment as an MDO); <u>Hubbs v. Cnty of San Bernardino</u>, 538 F.Supp.2d 1254, 1264 (C.D. Cal. 2008) (concluding that <u>Heck</u> barred Section 1983 claims challenging probable cause determination in connection with plaintiff's commitment as a sexually violent predator).

Plaintiff's allegations appear to state that he is in custody under an MDO commitment which has not, thus far, been invalidated. Plaintiff cannot obtain damages unless and until he demonstrates that his civil commitment is invalid. Until Plaintiff succeeds in invalidating his MDO commitment in state proceedings or by federal habeas petition, he may not pursue Section 1983 claims premised on its invalidity. <u>See</u> <u>Heck</u>, 512 U.S. at 487.

Because all the claims in the Complaint are <u>Heck</u>-barred, or seek relief obtainable only through a habeas petition, the Court will not discuss the other deficiencies of the Complaint.

## IV.

## CONCLUSION

Because Plaintiff's claims fail to state claim on which relief may be granted, the Complaint is subject to dismissal. Although the Court is doubtful that Plaintiff can cure the deficiencies of the complaint by amendment, the Court will afford Plaintiff an opportunity to attempt to do so. <u>See</u> <u>Noll</u>, 809 F.2d at 1448. The Complaint is therefore DISMISSED WITH LEAVE TO AMEND. If Plaintiff desires to pursue this action, Plaintiff is ORDERED to file a First Amended Complaint within thirty-five (35) days of the date of this

Order, remedying the deficiencies discussed above.

If Plaintiff chooses to file a First Amended Complaint, it should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original complaint or any other pleading, attachment or document. The Clerk is directed to provide Plaintiff with a blank Central District civil rights complaint form, which Plaintiff will need to completely fill out and resubmit.

**Plaintiff is admonished that, if he fails to timely file an First Amended Complaint, the Court will recommend that this action be dismissed with prejudice for failure to diligently prosecute.**

Dated: August 12, 2016

DOUGLAS F. McCORMICK
United States Magistrate Judge